IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

CORA LaVALLEY,

        Plaintiff,
v.                                                 Civil Action No.
                                                             8:15-CV-850 (DEP)

CAROLYN W. COLVIN, Commissioner
 of Social Security,

        Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR PLAINTIFF | |
| SCHNEIDER LAW FIRM<br>57 Court Street<br>Plattsburgh, New York 12901 | MARK A. SCHNEIDER, ESQ. |
| FOR DEFENDANT | |
| HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>P.O. Box 7198<br>100 S. Clinton Street<br>Syracuse, NY 13261-7198 | KAREN T. CALLAHAN, ESQ.<br>Special Assistant U.S. Attorney |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on March 10, 2016, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1)    Defendant's motion for judgment on the pleadings is

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

GRANTED.

2) The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: March 17, 2016
Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
CORA LaVALLEY,


vs.                                          15-CV-850

CAROLYN W. COLVIN, Acting Commissioner of Social Security.
-----------------------------------------------------x
```

Transcript of DECISION held on March 10, 2016, at the James Hanley U.S. Courthouse, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, Presiding.

A P P E A R A N C E S

| | |
|---|---|
| For Plaintiff:<br>(Via Telephone) | MARK A. SCHNEIDER, ESQ.<br>57 Court Street<br>Plattsburgh, New York 12901 |
| For Defendant:<br>(Via Telephone) | SOCIAL SECURITY ADMINISTRATION<br>Office of Regional General Counsel<br>Region II<br>26 Federal Plaza – Room 3904<br>New York, New York 10278<br>  BY: KAREN T. CALLAHAN, ESQ. |

1           (Via Telephone:)
2           THE COURT: I have before me a request for
3  judicial review of an adverse Commissioner's determination
4  under 42, United States Code, Section 405(g).
5           The background is as follows: The plaintiff was
6  born in January of 1969 and is currently 47 years old. She
7  was 45 years old at the time of the administrative hearing in
8  this matter.
9           The plaintiff has a 10th grade education but did
10 receive a GED following leaving high school early.
11          She last worked in 2011. She worked up until 2010
12 as a CNA and home health aide but was let go in 2010. She
13 worked privately in 2011. She drew unemployment after
14 leaving work in 2012 and testified that, while drawing
15 unemployment, she was looking for a job either as a CNA or as
16 a telephone operator of some sort.
17          She suffers from several diagnosed medical and
18 mental conditions, including morbid obesity. She stands 5
19 foot 5 inches and, at the time of the hearing, was 351 pounds
20 in weight.
21          She has back pain, numbness in her legs and hands.
22 She's been diagnosed with bulging disks. She has meralgia
23 and paresthetica. She suffers from major depressive disorder
24 and adjustment disorder. She takes Effexor, which, she
25 testified, helps. She's currently not undergoing any

1 psychological or psychiatric counseling or treatment.  She
2 suffers from asthma that appears to be controlled; Celiac
3 disease, also controlled; sleep apnea, which has been the
4 subject of testing and appears to be controlled.
5       For her back, she has tried physical therapy, aqua
6 therapy, injections, including blocks; although, she did not
7 take the advice to try a TENS unit.
8       For daily activities she can dress, bathe, sweep,
9 cook, perform laundry with help.  She can use a computer.
10 She visits family and she shops with help.  She lives in a
11 trailer with her 12-year-old daughter who is, according to
12 her, self-sufficient and independent and assists with her
13 daily activities.
14       Her primary physician is Dr. Maurice Racine from
15 the North Country Family Health Facility.  She, also, sees
16 FNP Marilyn McClure.  She has been to Champlain Spine and
17 Pain Management where she has seen Nurse Practitioner Dawn
18 Adamson and Dr. Thierry Bonnabesse.
19       Procedurally, plaintiff applied for disability
20 insurance benefits and supplemental security income payments
21 on October 10, 2013, alleging an onset date of November 8,
22 2011.
23       A hearing was conducted by Administrative Law Judge
24 Paul Kelly on May 6th, 2014.  The administrative law judge
25 issued a decision on May 22nd, 2014.  That decision became a

1 final determination of the agency when the Appeals Council
2 denied review on July 1, 2015.
3 　　　　　In his decision, ALJ Kelly applied the well-known
4 five-step sequential evaluation for determining disability.
5 After concluding the plaintiff was insured through
6 December 31, 2015, he concluded that she had not engaged in
7 substantial gainful activity, since the alleged onset date.
8 　　　　　He found that she suffers from severe impairments
9 at Step 2, including, as I previously indicated, obesity,
10 spine disorder, degenerative joint disease, pain disorder,
11 injury to peripheral nerves, meralgia, paresthetica of right
12 side, major depressive disorder and adjustment disorder.
13 　　　　　He concluded, however, that none of those, either
14 individually or collectively, meets or equals the listed
15 presumptively disabling conditions set forth in the
16 Commissioner's regulations.
17 　　　　　The ALJ then surveyed the available medical
18 evidence and concluded that plaintiff retains the residual
19 functional capacity to lift up to 10 pounds occasionally;
20 stand and walk for about 2 hours in an 8-hour work day; and
21 sit for up to 6 hours in an 8-hour workday with normal
22 breaks.  The claimant needs to be allowed to alternate
23 sitting or standing positions for about 1 to 2 minutes at a
24 time at 30-minute intervals throughout the day.
25 　　　　　The claimant can occasionally climb ramps or

1  stairs, balance and stoop.  She can never climb ladders,
2  ropes or scaffolds, kneel, crouch or crawl.
3          The claimant needs to avoid concentrated exposure
4  to cold, heat, wetness and humidity.
5          She needs to avoid concentrated exposure to
6  irritants such as fumes, odor, dust, gases and poorly
7  ventilated areas.  She needs to avoid exposure to unprotected
8  heights and hazardous machinery.
9          The ALJ concluded at Step 4, that plaintiff is not
10 able to perform her past relevant work due to the exertional
11 requirements and her limitations as expressed in the RFC
12 findings.
13         At Step 5, the ALJ elicited the testimony of a
14 vocational expert who concluded, based on a hypothetical
15 approximating the RFC finding, that plaintiff is capable of
16 performing in three separate jobs, including as a table
17 worker, an ampoule sealer and a bench hand and concluded,
18 therefore, that she was not disabled at the relevant times.
19         As you know, my task is limited to determining
20 whether the correct legal principles were applied and there
21 doesn't appear to be any significant argument there and
22 whether there is support of substantial evidence.
23         Turning first to Nurse Practitioner McClure, she is
24 not a proper medical source; although, she certainly -- her
25 opinions, having treated the plaintiff over an extended

1 period of time, are subject to being considered.

2 The ALJ did give some weight to Nurse Practitioner
3 McClure's determinations, which I don't find, necessarily, in
4 total conflict with the findings of the ALJ. As I indicated,
5 on Page 573, the nurse practitioner stated that she suffers
6 from low back pain with radiation and that she is unable to
7 return to employment, including heavy lifting.

8 The question of whether very limited in lifting,
9 walking, standing and so forth is consistent or inconsistent
10 with the RFC is unclear. He did reject the sit/stand every
11 10 to 15 minutes and stated his reasoning for doing that and
12 it is supported by substantial evidence. The plaintiff
13 herself testified, at Page 57 of the administrative
14 transcript, she is capable of sitting for 30 minutes.

15 She, also, did state to Dr. Kabeli, in connection
16 with the sleep apnea study, that on February 12, 2013, that
17 she is capable of walking 3 miles a day. That's at 243 of
18 the administrative transcript.

19 The determination, including the RFC, is supported
20 by Dr. Wassef and as a consultative examiner, his opinions
21 can be included as providing substantial evidence. He found
22 full flexion, extension, lateral, flexion bilaterally and
23 full rotary movement bilaterally of the lumbar region and he
24 found that the straight leg raise bilaterally was negative.
25 That's at Page 354.

1    The Commissioner's determination is, also,
2 supported by the MRI that was conducted on January 23, 2013,
3 which showed very modest findings at L4-L5.  No evidence of a
4 disk bulge, protrusion or extrusion, at L4-5 continued.
5 There is no evidence of a disk bulge, protrusion or extrusion
6 at L5-S1.  Small left paracentral disk protrusion present.
7 This is contacting the intrathecal sac but there is no
8 central stenosis and the impression given was small disk
9 protrusion.  There is no significant central or neuro
10 foraminal narrowing.
11    I'll note that it is true that Dr. Racine, at
12 Page 576, the treating physician, did make a statement
13 concerning disability.  However, there are two issues with
14 respect to that statement.  The first is that the question of
15 disability is a matter reserved to the Commissioner and,
16 secondly, he himself indicates that it is expected to last
17 three weeks and that the patient could return to work on
18 October 25, 2012.
19    To the extent of any psychological -- and I don't
20 understand this to be the primary focus of plaintiff's
21 argument -- but, to the extent of the psychological portion
22 of the RFC finding, that is supported by the consultative
23 examination of Dr. Brett Hartman.
24    In terms of combination, it's my view, from
25 reviewing the Commissioner's determination and the ALJ's

1  finding, that he did consider all of plaintiff's conditions,
2  many of which are well-controlled and do not appear to
3  present any limitations that would relate to work functions
4  and that would include the sleep apnea, asthma, Celiac
5  disease and depression.
6          In terms of credibility, I believe the
7  Commissioner's determination is well-supported and it was
8  properly explained.
9          I think that the fact that the plaintiff was
10 drawing unemployment, was looking for work and certified that
11 she is capable of working is a factor.  It certainly is not
12 outcome determinative.  But the ALJ is, also, entitled to
13 consider his personal observations -- again, perhaps not
14 dispositive -- but he also considered her daily activities as
15 reported to Dr. Wassef in her disability report.
16         So, in sum, I conclude that the Commissioner's
17 determination is supported by substantial evidence and will,
18 therefore, grant judgment on the pleadings to the defendant
19 dismissing plaintiff's complaint.
20         Thank you both for excellent presentations and I
21 hope you have a great afternoon.
22         MS. CALLAHAN:  You, too.  Thank you, your Honor.
23         MR. SCHNEIDER:  Thank you.
24         (Proceedings were adjourned.)
25

C E R T I F I C A T I O N

I, DIANE S. MARTENS, Registered Professional Reporter, DO HEREBY CERTIFY that I attended the foregoing proceedings, took stenographic notes of the same, that the foregoing is a true and correct copy of same and the whole thereof.

_____

DIANE S. MARTENS, FCRR